UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL DAVID BENSON SR.,

         Plaintiffs,       2:14-cv-00132-CL

         v.            FINDINGS AND
                          RECOMMENDATION

COLLETTE PETERS, et al.,

         Defendants.

CLARKE, Magistrate Judge.

Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint under 42 U.S.C. § 1983 alleging violations of his civil rights arising out of an altercation with another inmate on January 24, 2012.

The state defendants now move for partial summary judgment on plaintiff's First and Third Claims for relief. (#32). Although plaintiff has filed a "Motion to Deny Defendants' Motion for Summary Judgment" (#39) he has not

1 - FINDINGS AND RECOMMENDATION

responded to the merits of defendants argument or presented
any evidence to create a material issue of facts as to those
claims.

In plaintiff's First Claim for Relief plaintiff alleges
that defendant correctional officers violated his rights by
failing to prevent him from coming into personal contact with
the other inmate, despite being told that they "hated each
other" and that there would be violence if they encountered
each other.

First Claim for Relief: Defendants argue that plaintiff's
first claim is barred by the statute of limitation.

42 U.S.C. § 1983 does not contain a specific statute of
limitations for constitutional torts. Therefore, federal
courts "borrow" the state statute of limitations  in 42 U.S.C.
§ 1983 actions.   See, Wallace v. Kato, 549 U.S. 384, 387
(2007);  Wilson v. Garcia, 471 U.S. 261, 266 (1985); Silva v.
Crain, 169 F.3d 608, 610 (9th Cir. 1999); Vaughan v. Grijalva,
927 F.2d 476, 478 (9th Cir. 1991).

In Oregon, the two year statute of limitations for
personal injury actions, O.R.S. 12.110(1) applies to civil
rights actions under 42 U.S.C. § 1983. Sain v. City of Bend,
309 F.3d 1134, 1139 (9th Cir. 2002); Cooper v. City of Ashland,
871 F.2d 104, 105 (9th Cir. 1988); Davis v. Harvey, 789 F.2d
1332 (9th Cir. 1986).

2 - FINDINGS AND RECOMMENDATION

Federal law determines when a cause of action accrues and the statute of limitations begins to run on a § 1983 claim. Wallace v. Kato, 549 U.S. at 388. A federal claim accrues when the plaintiff know or has reason to know of the injury which is the basis of the action. Morales v. City of Los Angeles, 214 F.3d 1151, 1154 (9th Cir. 2000); Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991); see also, DeAnza Properties X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1086 (9th Cir. 1991); Vaughan, supra, 927 F.2d 486, 480 (9th Cir. 1991).

In addition, federal law controls when an action "commences" for the purposes of the statute of limitations. Sain, supra at 1136. Under FRCP 3, a 1983 action commences in federal district court for purposes of the statute of limitations when the complaint is filed. Id. at 1138.

Defendants contend: Plaintiff alleges that he told correctional officers "weeks" before the January 24, 2012 assault that they needed to prevent plaintiff from having personal contact with inmate McPhail. Plaintiff filed his complaint on January 24, 2014, which would be two years plus 'weeks' afterwards. Accordingly, this claim is barred." Defendants' Partial Motion (#32) p. 3.

A claim accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action. Morales,

supra.  In this case, plaintiff allegedly advised correctional officers of potential violence "weeks" before the incident. However, he did not sustain any actual *injury* as a result of defendants alleged conduct or failure to act until he came into contact with inmate McPhail and they assaulted each other.

I find that plaintiff First Claim for Relief accrued on January 24, 2012, and that plaintiff commenced this action within the two year statute of limitations.

Defendants motion for summary judgment as to plaintiff's First Claim for Relief should be denied.

Third Claim for Relief:  In his  Third Claim for Relief, plaintiff alleges deliberate indifference to his serious medical needs by five TRCI employees after his altercation with McPhail.

Defendants argue that they are entitled to summary judgment as to this claim because plaintiff failed to exhaust administrative remedies as to this claim.

The Prison Litigation Reform Act requires that prisoners exhaust available administrative remedies before bringing a federal action concerning prison conditions.  Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)).  Inmates are required to exhaust *all* grievance remedies before filing a Section 1983 action, including

appealing the grievance decision to the highest level within
the grievance system.   Wyatt v. Terhune, 315 F.3d 1108 (9th
Cir. 2003); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir.
2002); McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

It is uncontradicted in the record before the court that
although plaintiff filed three grievances concerning the
adequacy of his medical treatment following the January 24,
2012 altercation, he did not complete the appeal process as to
any of those grievances.   Therefore, plaintiff did not
properly exhaust available administrative remedies as to the
allegations in his Third Claim for Relief.   There is no
material issue of fact remaining as to plaintiff's third claim
and defendants are entitled t judgment as a matter of law.

Defendants' Motion for summary judgment as to plaintiff
third Claim for Relief should be allowed.

Defendants' Partial Motion for Summary Judgment (#32)
should be denied as to plaintiff's First Claim for Relief and
allowed as to plaintiff's Third Claim for Relief.

This recommendation is not an order that is immediately
appealable to the Ninth Circuit Court of Appeals.   Any notice
of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate
Procedure, should not be filed until entry of the district
court's judgment or appealable order.   The parties shall have
fourteen (14) days from the date of service of a copy of this

5 - FINDINGS AND RECOMMENDATION

recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.


DATED this 24 day of September, 2015.

Mark D. Clarke
United States Magistrate Judge