IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL DAVID BENSON SR.,

          Plaintiff,

    vs.

COLETTE PETERS; MITCH MORROW;
MIKE GOWER; BLACKEETEER;
STEVE SHELTON, M.D.; BILL
HOEFEL; VILLANUNVA; FRANKE;
J. TAYLOR; GRUENWALD, RNP;
SPENCER, RNP; NORTON, M.D.;
JANE DOE RNs; HAYES, RN; D.
JOHNSTON, RN; CPL. AKERS; C/O
STRENSRUD; CAPT. IVERSON; LT.
DUFLOTH; D. PEDRO; W.
McMILLEN; CPL. BAUER; J.
EDISON; D. SHOTTS; B. ANANA;
C. CLAYTON; C/O BEVAN; ARCHER;
J. JORGENSON; JANE & JOHN
DOES; and C/O SHORT,

          Defendants.

No. 2:14-cv-00132-CL
OPINION & ORDER

Michael David Benson Sr.
7100852
Oregon State Correctional Institution
3405 Deer Park Drive SE
Salem, OR 97310-9385
     Pro Se Plaintiff

Page 1 - OPINION AND ORDER

Vanessa A. Nordyke
Assistant Attorney General
Oregon Department of Justice
Trial Division
1162 Court Street NE
Salem, OR 97301
    Attorney for defendants

AIKEN, Chief Judge:

    In this prisoner civil rights action, the state defendants moved for partial summary judgment, arguing (1) plaintiff's first claim for relief (failure to protect him from harm at the hands of another inmate) was barred by the statute of limitations; and (2) plaintiff failed to exhaust administrative remedies regarding his third claim for relief (deliberate indifference to serious medical need), as required by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Magistrate Judge Clarke issued his Findings and Recommendation September 24, 2015, concluding defendants were not entitled to summary judgment on the first claim for relief because it had been brought within the statute of limitations. Neither party filed any objections with respect to that issue, and after reviewing the record I agree the claim was filed within the statute of limitations.

    Judge Clarke next found plaintiff failed to exhaust his administrative remedies with respect to the third claim for relief and recommended the court grant summary judgment on that claim. Plaintiff filed timely objections with respect to this issue. In light of new evidence plaintiff filed in conjunction with those

Page 2 - OPINION AND ORDER

objections, I find plaintiff's failure to exhaust is excused because further administrative remedies were effectively unavailable to him.

BACKGROUND

Plaintiff Michael David Benson Sr., an inmate in the custody of the Oregon Department of Corrections, filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights arising out of an altercation with another inmate on January 24, 2012 ("the incident"). Among other claims, he asserts the state defendants were deliberately indifferent to his serious medical needs following the incident, in violation of his rights under the Eighth and Fourteenth Amendments of the United States Constitution.

At the time of the incident, plaintiff was an inmate at Two Rivers Correctional Institution ("TRCI"). He submitted a series of complaints related to the incident and its aftermath through the Department of Corrections Grievance Review System ("Grievance Review System"). One of the grievances, filed February 6, 2012, concerned medical treatment plaintiff received following the incident. On February 2, 2012 and February 6, 2012, two previously filed grievances related to the incident were returned to plaintiff as outside the scope of the Grievance Review System.[1] The return

---

[1] One of the grievances was returned because the incident at issue was the subject of an inmate misconduct report. Doc. 2-1 at 5. The other was returned because it involved an incident under investigation by the Oregon State Police. Doc. 2-1 at 9. Grievance Review System rules provide inmates cannot use internal

forms, which were sent to plaintiff by TRCI Grievance Coordinator

Vicki Reynolds ("Reynolds"), concluded by stating:

> If you have any questions about how to properly fill out
> a grievance form or the grievance process please contact
> me or refer to the Department of Corrections
> Administrative Rule "Inmate Communication and Grievance
> Review System" tab #109 located in the Legal Library.

E.g. Doc. 2-1 at 5.

On February 17, 2012, plaintiff submitted an inmate

communication form to Reynolds:

> Ms. Reynolds, I have submitted grievances to you
> regarding the actions of staff here at T.R.C.I.
> concerning the day of Jan. 24th, 2012. You returned them
> saying on one that, "this incident was the result of
> misconduct report." On another one you stated, "this is
> outside O.D.O.C. rules and is currently being
> investigated by the Oregon State Police." What I would
> like to know is if any grievances I were to file
> concerning the actions or events and conduct by staff
> leading up to, during, and after that incident of 1/24/12
> would also fall under one or both of those denial
> answers? If so does that then mean I cannot grievance
> those people and their actions? That being said, would
> that not also constitute my ex[h]austing of
> administrative rem[e]dies for the purpose[]s of seeking
> relief through the grievance system for O.D.O.C.? If
> not, please tell me what, if anything I can or need to do
> & can your responses by appealed by a grievance appeal?
> Thank you!

Doc. 59-1 at 1. On February 22, 2012, Reynolds responded, "I can

not answer your question about exhausting administrative remedies.

You would need to query Risk Management." Id.

Plaintiff took Reynolds's advice and contacted Risk

Management. He also continued to move his remaining grievance

---

grievance procedures in either of those circumstances.

Page 4 - OPINION AND ORDER

through the Grievance Review System.  After he received an initial denial, plaintiff filed an appeal.  That appeal also was denied, and plaintiff submitted a second appeal.  In March 2012, plaintiff filed an additional medical treatment grievance related to the January 24 events.  It was denied, and he filed an appeal.  On April 6, 2012, while appeals for the two grievances were still pending, plaintiff received from Risk Management an acknowledgment of claims form assigning his complaint a tort claim number.  Doc. 59-1 at 2; see also Doc. 59 at 6 (plaintiff's sworn declaration asserting Risk Management "interpreted [his] communications as tort claim notices and assigned claim numbers [to his complaints].")

On April 10, 2012, plaintiff received a memo explaining one of his pending appeals was being returned because he had filed a tort claim on the issue.  The memo quoted Grievance Review System policy providing "[i]f at anytime the grievance coordinator determines the inmate has pursued his/her issue through state or federal courts, or has filed a notice of tort claim, the grievance process will cease and the grievance will be returned to the inmate."  Doc. 59-1 at 8.  The next day, plaintiff sent the following inmate communication to Reynolds:

> I just got back TRCI-2012-03-099 after you already accepted it.  Now you claim I cannot go forward to finish the grievance process due to a tort filed #L149474.  You are running me in circles Mrs. Reynolds!  I have attached a copy of your response telling me to go to "Risk Management."  So I file with "Risk Management" and you then deny my grievance.  So do I have to now withdraw the Tort # L149474 in order to proceed with my grievance

Page 5 - OPINION AND ORDER

appeal?   This is so convoluted a process it actually
seems designed to inhibit an inmate from getting anywhere
or being able to seek relief!   What do I have to do?   I
am also sending a letter to "Risk Management" tonight
asking if I can drop the (2) medical related torts so
that I can proceed with my grievance appeals?   Will you
please work with me on this as I see what "Risk
Management" will do to help?   I even asked if they could
contact you.   I'm trying the best I can!!

Doc. 59-1 at 10.   The next day, Reynolds responded, "I recommended

you query risk management about your administrative remedies.   I

did not say anything about filing a tort claim.   Inmate grievance

instructions state that inmates cannot grieve issues they have

filed tort claims on."   _Id._   On April 18, plaintiff received a memo

informing him his other pending appeal was being returned due to

the tort claims notice.   Defendants now argue plaintiff is barred

from bringing any claim related to medical care after the incident

because he failed to exhaust administrative remedies as to that

claim.

STANDARDS

The Magistrates Act provides the district court may "accept,

reject or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."   28 U.S.C. §

636(b)(1).   When a party objects to any portion of the Magistrate's

Findings and Recommendation, the district court must make a _de_ _novo_

determination of that portion of the magistrate judge's report.

Fed. R. Civ. P. 72(b)(3); _see also_ _McDonnell_ _Douglas_ _Corp._ _v._

_Commodore_ _Bus._ _Machs._ _Inc._, 656 F.2d 1309, 1313 (9th Cir. 1981)

Page 6 - OPINION AND ORDER

(for dispositive motions, "the statute grants the broadest possible discretion to the reviewing district court").

DISCUSSION

As a threshold matter, defendants argue this court should not consider the communications between plaintiff and Reynolds because all but one of those documents were submitted to the court for the first time as attachments to plaintiff's Objections to the Findings and Recommendation. A district court has discretion to receive further evidence when reviewing the recommendation of a magistrate judge. United States v. Howell, 231 F.3d 615, 622 (9th Cir. 2000). Defendants urge the court not to exercise that discretion in this case, relying on B & K Livestock Auction, Inc. v. Or. Dep't of Envtl. Quality, No. 3:12-cv-2085-PK, 2013 WL 3973880, *2 (D. Or. Jul. 31, 2013), in which this court declined to consider new arguments not raised before the magistrate judge.

B & K Livestock is distinguishable in two important respects. First, the plaintiff in B & K Livestock "offer[ed] no explanation for why its new arguments were not raised before the magistrate judge." 2013 WL 3973880 at *2. Here, by contrast, plaintiff has offered a specific explanation for the delay: in a sworn declaration, he asserts his file containing the new documents was misplaced by correctional staff after they went through his personal and legal documents, "mixed everything together . . . & then stuffed it into plastic bags." Doc. 59 at 3. Plaintiff

Page 7 - OPINION AND ORDER

eventually discovered an "entire clear legal tote" containing the forms related to his grievances was missing; he asserts that file was not found and returned to him until shortly before he filed his Objections to the Findings and Recommendation. Id. at 3, 5. Defendants do not respond to these assertions and instead speculate the documents were "probably . . . in plaintiff's possession all along[.]" Def.'s Resp. Obj. F & R at 4. The court declines to make such an assumption.

Second, unlike the plaintiff in B & K Livestock, plaintiff in this case is pro se. "'[S]trict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines." Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987) (quoting Tarantino v. Eggers, 380 F.2d 465, 468 (9th Cir. 1967)). Moreover, it is well-established pro se litigants generally are entitled to more leeway than represented parties. Cf. Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 198 (9th Cir. 1995) (courts must construe liberally pro se litigants' filings). The court exercises its discretion to consider the new documents.[2]

Defendants next argue even if the court considers the new documents, there is no question of material fact regarding whether

---

[2] In light of plaintiff's pro se status and his explanation for the delay in submitting the new documents, the court also rejects defendants' argument plaintiff took "too long" to submit evidence in response to their motion for summary judgment. Def.'s Resp. Obj. F & R at 2.

further administrative remedies were unavailable.  I disagree.

The PLRA mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "[F]ailure to exhaust administrative remedies is an affirmative defense that the defendant must plead and prove in a PLRA case." Albino v. Baca, 747 F.3d 1162, 1176 (9th Cir. 2014) (en banc).

Although the PLRA's exhaustion requirement is mandatory, Jones v. Bock, 549 U.S. 199, 211 (2007), it is not absolute: "[t]he PLRA requires that an inmate exhaust only those administrative remedies 'as are available,'" Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (quoting 42 U.S.C. § 1997e(a)).  Once a defendant has shown a prisoner failed to exhaust administrative remedies, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1172.  The "effectively unavailable" standard is met when a prisoner shows he or she took "reasonable and appropriate steps to exhaust" but was prevented from exhausting by the actions of prison officials.  Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010).  Prison officials need not intend to prevent a prisoner from accessing administrative

remedies in order to render those remedies effectively unavailable. Id. For example, mistakenly but "improper[ly] screening . . . an inmate's grievances renders administrative remedies effectively unavailable" because that improper screening prevents the inmate from "pursu[ing] the necessary sequence of appeals." Sapp, 623 F.3d at 823 (quotation marks omitted).

Here, defendants carried their initial burden to show plaintiff did not complete the appeals process for his medical care grievances. However, the new documents demonstrate the "generally available administrative remedies were effectively unavailable to [plaintiff.]" Albino, 747 F.3d at 1172. The record now before the court shows plaintiff was aware of the PLRA exhaustion requirement and diligently attempted to exhaust the internal appeals process. Confused about which grievances could be pursued through internal administrative processes, plaintiff asked Reynolds to help him understand the process and ensure he complied with exhaustion requirements. In response, she told him to contact Risk Management. He took her advice and did so. Risk Management then interpreted his request for assistance as a notice of tort claims, cutting off his ability to pursue any further internal appeals.

Plaintiff contends his sole purpose in contacting Risk Management was to ensure he exhausted all available administrative remedies, and that he did not intend to give notice of intent to file a lawsuit. The record supports this assertion. Plaintiff did

Page 10 - OPINION AND ORDER

not file a lawsuit until January 2014, nearly two years after his communications with Risk Management.    He continued to pursue appeals through the grievance process after his contact with Risk Management.    Most tellingly, he promptly asked Reynolds for assistance in sorting out the miscommunication, clearly stating he wanted to withdraw the mistakenly filed notice of tort claims in order to continue his grievance appeals.

Plaintiff's actions more than constitute "reasonable and appropriate steps to exhaust." Nunez, 591 F.3d at 1224.    Congress did not intend the PLRA's exhaustion requirement to punish an inmate who so diligently attempts to navigate a complex administrative grievance procedure. See Kendall v. Kittles, No. 03 Civ.628 GEL, 2003 WL 22127135, *4 ("Congress could not have intended the PLRA's administrative exhaustion requirement to produce such a Kafkaesque result.")  I find plaintiff's failure to exhaust administrative remedies is excused because further administrative appeals were effectively unavailable to him after Reynolds told him to contact Risk Management and Risk Management misinterpreted his attempts to appeal.    Accordingly, defendants are not entitled to summary judgment on plaintiff's third claim for relief.

Moreover, although plaintiff has not moved for summary judgment, I find he is entitled to summary judgment on the issue of exhaustion.  In Albino, 747 F.3d at 1176, the defendants moved for

Page 11 - OPINION AND ORDER

summary judgment, arguing the plaintiff had failed to exhaust
administrative remedies under the PLRA.  The Ninth Circuit endorsed
the "practice of allowing summary judgment to be entered for the
nonmoving party in the absence of a formal cross-motion" so long as
the other party is "on notice of the need to come forward with all
[relevant] evidence."  Id. at 1176-77.  The court explained

> As the movants for summary judgment in this case,
> defendants were on notice of the need to come forward
> with all the evidence in support of this motion, and they
> had every incentive to do so. . . .  There is nothing in
> the record to suggest that defendants' discovery with
> respect to exhaustion was curtailed in any way.  Indeed,
> most of the relevant evidence was within their knowledge
> and control.

Id. at 1177.  Accordingly, the court reversed the district court's
grant of summary judgment in favor of the defendants and remanded
with instructions for the district court to enter summary judgment
in favor of the non-moving plaintiff.  Just as in Albino, I find
defendants "had a full and fair opportunity to ventilate the issues
involved" but "have failed to show a genuine dispute as to whether
administrative remedies in the jail were available."  Id. (citation
and quotation marks omitted).  I therefore sua sponte enter summary
judgment in favor of plaintiff as to exhaustion on the third claim
for relief.

I ADOPT IN PART and DO NOT ADOPT IN PART Judge Clarke's
Findings & Recommendation (doc. 49) as follows:  (1) I adopt the
portion of the Findings & Recommendation regarding defendants'
motion for summary judgment on plaintiff's first claim for relief;

Page 12 - OPINION AND ORDER

and (2) I do not adopt the portion of the Findings & Recommendation regarding defendants' motion for summary judgment on plaintiff's third claim for relief.    Defendants' motion for partial summary judgment (doc. 32) is DENIED, and summary judgment is entered in favor of plaintiff on the issue of exhaustion regarding the third claim for relief.

IT IS SO ORDERED.

    Dated this 20th day of January 2016.


                          Ann Aiken
              United States District Judge


Page 13 - OPINION AND ORDER