UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL DAVID BENSON,

              Plaintiff,         2:14-cv-00132-CL

            v.                   FINDINGS AND
                                    RECOMMENDATION

COLLETTE PETERS, et al.,

              Defendants.

CLARKE, Magistrate Judge.

     Plaintiff, an inmate in the custody of the Oregon
Department of Corrections filed a complaint under 42 U.S.C. §
1983 alleging that defendants violated his rights by failing
to protect him from an assault by another inmate and denying
him adequate medical care for injuries he sustained in the
assault.  Plaintiff names 33 individual defendants.

     The State Defendants now move for an order dismissing
defendants Akana, Archer, Blackletter, Clayton, Edison,

1 - FINDINGS AND RECOMMENDATION

Franke, Grower, Hoefel, Jorgensen, McMillen, Morrow, Peters, Shotts, Taylor, and Villanueva for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6). "Specifically, these defendants should be dismissed because plaintiff has failed to allege any personal involvement by any of these persons in any of the claims brought by plaintiff. Partial Motion to Dismiss (#65) p. 2.

To establish a § 1983 claim against an individual defendant, a plaintiff must establish personal participation by the defendant in the alleged constitutional deprivation. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Ivy v. Board of Regents, 673 F.2d 266 (9th Cir. 1982).

Plaintiff's complaint identified the moving defendants by name but does not identify any acts, omissions, or other allegations that these defendants were involved in the alleged conduct giving rise to his claims.

Plaintiff may be seeking to hold some of the moving defendants liable on a theory of *respondeat superior.* However, It is well settled that respondeat superior is not a proper basis for liability under 42 U.S.C. § 1983. Monell v. New York City Dept. Of Social Services, 436 U.S. 658 (1978); Padway v. Patches, 665 F.2d 965 (9th Cir. 1982). Absent an allegation that the named state officials were personally involved in the alleged deprivation of constitutional rights,

a complaint under 42 U.S.C. § 1983 does not state a claim. Ashcroft v. Iqbal, supra; Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981); Johnson v. Puffy, 588 F.2d 740, 743 (9th Cir. 1978). A supervisor may be liable based on his or her personal involvement in the alleged deprivation, or if there is a sufficient causal connection between the supervisor's alleged wrongful conduct and the alleged deprivation, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989), but a "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citing Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). Supervisory officials may also be liable if they "implement a policy so deficient that the policy `itself is a repudiation of constitutional rights' and is `the moving force of the constitutional violation.'" Redman v. County of San Diego, 924 F.2d 1435, 1446 (9th Cir. 1991), cert. denied, 112 S. Ct. 972 (1992) (quoting Hansen v. Black, supra, 885 F.2d at 646, in turn quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987).

Plaintiff has not alleged that any of the moving defendants were personally involved in the alleged conduct giving rise to his claims or any facts that would establish

3 - FINDINGS AND RECOMMENDATION

*respondeat superior* liability on the part of any of the moving defendants.

Based on the foregoing, I find that plaintiff has failed to state a claim against the moving defendants. The State Defendants' Partial Motion to Dismiss for Failure to State a Claim (#65) should be allowed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

////

////

4 - FINDINGS AND RECOMMENDATION

*Any appeal form an order adopting this Findings and Recommendation or judgment dismissing this case would be frivolous and not taken in good faith.  Therefore, plaintiff's* in forma pauperis *status should be revoked.*

DATED this _12_ day of September, 2016.

Mark D. Clarke
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION