IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DAVID MICHAEL BENSON,   No. 2:14-cv-00132-CL
                        O R D E R
    Plaintiff,

v.

COLETTE PETERS, et al.,

    Defendants.

AIKEN, Judge:

Magistrate Judge Clarke filed his Findings and Recommendation on September 12, 2016. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(3). When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Plaintiff filed objections (docs. 82 and 83) to

1 - ORDER

the Findings and Recommendation. Defendants declined to file any response. For the reasons set forth below, I adopt in part and do not adopt in part the Findings and Recommendation.

Plaintiff, who is *pro se*, objects to the Findings and Recommendation on three grounds. First, he argues he never consented to the jurisdiction of a magistrate judge. Second, he contends he is entitled to the appointment of *pro bono* counsel. Third, he objects to Judge Clarke's "complete statement regarding how the assault on Plaintiff happened." Pl.'s Obj. F&R 6. I will address each argument in turn.

I first address plaintiff's objection to having a magistrate judge preside over his case. Plaintiff misunderstands the role of magistrate judges in this Court. Every civil case in this Court is randomly assigned to a judge. That judge may be either a magistrate judge or a district judge. The parties have the opportunity to consent to a magistrate judge presiding over the entire case. When one or both parties do not consent to magistrate jurisdiction, that does not take the assignment away from the magistrate judge. It simply means that the magistrate judge's decisions in the case remain subject to review by a district judge.

How review happens depends on the type of decision under review. For certain types of matters, including motions to dismiss, the district judge's review is automatic.[1] The magistrate judge issues a written recommendation regarding whether to grant the motion to dismiss, and then refers that recommendation to the district judge for review. The district judge makes the final decision about whether to grant the motion. Before the district judge rules, the parties have the chance to explain any disagreement with the magistrate judge in the form of written objections. For any issue

---

[1] 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72 explain in more detail which types of decisions are automatically referred to a district judge.

2 - ORDER

on which a party files an objection, the district judge's review is *de novo* — that is, the judge makes her own decision without giving any deference to the magistrate judge's reasoning.

For other types of matters, including the decision not to appoint *pro bono* counsel, review is not automatic. However, a party may ask the district judge to reconsider the magistrate judge's decision on those matters. In such cases, review is only to determine whether the magistrate judge's order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

It is understandable that a *pro se* plaintiff would interpret the magistrate jurisdiction consent form to mean he can elect to have his case taken away from the magistrate judge entirely. However, as explained above, that is not how it works in this Court. Plaintiff's first objection is not a reason to depart from Judge Clarke's Findings and Recommendation.

I now turn to plaintiff's argument that he is entitled to *pro bono* counsel. There is no constitutional right to counsel in civil cases. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, a court may under "exceptional circumstances" appoint counsel for litigants proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(1). *Id.* Judge Clarke denied plaintiff's most recent request for appointment of counsel in an order issued one day after the Findings and Recommendation on the motion to dismiss. *See* doc. 77. I interpret plaintiff's second objection to the Findings and Recommendation as a challenge to that order.

As explained above, review of a magistrate judge's denial of a request for counsel is limited to determining whether the order was clearly erroneous or contrary to law. That means the magistrate judge's ruling may be overturned only if the district court is "left with the definite and firm conviction that a mistake has been made." *Thunderbird Hotels, LLC v. City of Portland*, 670 F. Supp. 2d 1164, 1167 (D. Or. 2009). I am not firmly convinced Judge Clark made a mistake when

3 - ORDER

he denied plaintiff's request for counsel. Although plaintiff has explained why a lawyer would be helpful to him, that is true in nearly every prisoner civil rights case. Plaintiff has not shown his case is exceptional or unique. In addition, plaintiff's case does not involve complex legal questions; it is a straightforward dispute about the facts surrounding an altercation and medical treatment. The absence of complicated legal questions weighs against issuing a request for counsel. *See Palmer*, 560 F.3d at 970. Judge Clarke did not clearly err when he denied plaintiff's motion to appoint counsel.

Finally, I address the merits of the motion to dismiss. Defendants filed a motion to dismiss all claims against defendants Akana, Archer, Blackletter, Clayton, Edison, Franke, Gower, Hoefel, Jorgensen, McMillen, Morrow, Peters, Shotts, Taylor, and Villanueva for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Specifically, defendants challenged plaintiff's failure to allege "any personal involvement" by those defendants in any of plaintiff's claims. Defs.' Mot. Dismiss 2 (doc. 65). Plaintiff did not file a response to the motion to dismiss.[2] Judge Clarke recommended granting the motion.

In his objections, plaintiff focuses only on his first and second claims for relief, which involve two related events that took place on January 24, 2012: an altercation with a fellow inmate (which defendants allegedly permitted to occur) and the alleged use of excessive force after that altercation. In the complaint, plaintiff alleges that seven defendants had specific roles in those two related events. *See* Compl. at 4-5 (naming defendants Akers, Bauer, Bevan, Dufloth, Iverson, Pedro, Short, and Stensrud). Plaintiff does not mention any of the defendants listed in the motion to dismiss

---

[2] Plaintiff requested and obtained two extensions of time for filing a response, and Judge Clarke *sua sponte* issued a third extension. *See* doc. 68, 72, 74. Judge Clarke denied plaintiff's fourth request for an extension. *See* doc. 77.

4 - ORDER

by name in any of the "supporting facts" sections of the complaint.

However, with respect to the excessive force claim, plaintiff specifically stated "I cannot put crimes to each security staff at this time!" *Id.* at 5. Plaintiff explained that after the altercation with another inmate, "*many* security guards came running up from behind me & dropped onto me & began to assault & batter me." *Id.* (emphasis in original). He "could not see what anyone did" because he was face down and had been sprayed in the face. *Id.* Plaintiff alleged "there are *a lot* of people involved in this & information is hard for me to obtain." *Id.* (emphasis in original). Plaintiff specifically referred to video evidence as well as internal memos documenting the incident.

Plaintiff attached exhibits to his objections to the Findings and Recommendation. Those exhibits include a set of internal Two Rivers Correctional Institution memoranda documenting the January 24 events.[3] The memoranda demonstrate that defendants Akana, Clayton, Edison, Jorgensen, McMillen, Taylor, and Shotts were present and had active roles in the January 24 use of force incident. *See* Benson Decl. Ex. 4 at 9-11, 13-15, 17, 19-20, Oct. 3, 2016 (doc. 83-1). Construing plaintiff's *pro se* filing liberally, I conclude those memoranda, together with specific allegations that plaintiff could not see all the participants in the January 24 events and that internal memoranda would show who was present during the altercation and its aftermath, are sufficient to defeat the motion to dismiss with respect to defendants Akana, Clayton, Edison, Jorgensen, McMillen, Taylor, and Shotts.

I agree with Judge Clarke that the claims against defendants Archer, Blackletter, Franke,

---

[3] These documents were not before Judge Clarke when he ruled on the motion to dismiss. In view of plaintiff's allegations regarding prison interference with his documents and the fact that plaintiff's back and neck surgery appears to have contributed to his failure to file a response to the motion to dismiss, I exercise my discretion to consider the new material. *See United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000).

5 - ORDER

Grower, Hoefel, Morrow, Peters, and Villanueva must be dismissed. The complaint mentions none of those defendants by name and plaintiff has failed to explain in any of his filings how they were personally involved in the facts underlying his claims.

I ADOPT IN PART and DO NOT ADOPT IN PART Judge Clarke's Findings and Recommendation. Specifically, I adopt Judge Clarke's recommendation as it applies to the claims against defendants Archer, Blackletter, Franke, Grower, Hoefel, Morrow, Peters, and Villanueva. In view of the new evidence plaintiff submitted with his objections, however, I do not adopt Judge Clarke's recommendation as it applies to the claims against defendants Akana, Clayton, Edison, Jorgensen, McMillen, Taylor, and Shotts. All claims against defendants Archer, Blackletter, Franke, Grower, Hoefel, Morrow, Peters, and Villanueva are DISMISSED.

IT IS SO ORDERED.

Dated this 13th day of December 2016.

_____
Ann Aiken
United States District Judge

6 - ORDER